IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD HASTY, et al.,

    Petitioners,               No. MISC S-06-0049 MCE KJM PS

    vs.

UNITED STATES,

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

      Respondent's motion to deny the petition to quash IRS summons came on regularly for hearing September 20, 2006. No appearance was made for petitioners. Paul Ham appeared telephonically for respondent. Upon review of the documents in support, no opposition having been filed, and good cause appearing, THE COURT FINDS AS FOLLOWS:

## FINDINGS OF FACT

      1. Misha Weitzner, at all times mentioned herein, was a duly commissioned Revenue Agent employed in the Small Business/Self Employed Division of the Internal Revenue Service with a post of duty in Vallejo, California. Misha Weitzner is authorized to issue IRS summonses pursuant to 26 U.S.C. §7602, 26 C.F.R. §301.7602-1 and IRS Delegation Order No. 4 (as revised).

/////

2. Misha Weitzner, in his capacity as a Revenue Agent, is conducting an examination to determine the correct federal income tax liabilities of Richard Hasty and Marcie Hasty for the 2001 and 2002 tax years.

3. In furtherance of this examination and based on 26 U.S.C. § 7602, Misha Weitzner issued a summons ("Summons") to Travis Credit Union on April 14, 2006. The Summons directed that a representative of Travis Credit Union appear before Weitzner to give testimony and to produce certain bank statements, transfer statements, and other financial records.

4. In accordance with 26 U.S.C. § 7603, Misha Weitzner served the Summons by handing a copy of it to a representative of Travis Credit Union on April 14, 2006. In accordance with 26 U.S.C. § 7609, Misha Weitzner also gave notice of the Summons to the Hastys by certified mail on April 17, 2006.

5. On May 3, 2006, the Hastys filed a petition to quash the Summons.

6. Near the time the Hastys filed their petition to quash, Travis Credit Union produced certain documents in response to the Summons. Misha Weitzner has segregated those documents and has not reviewed them, pending resolution of the Hastys' petition to quash.

7. This examination is for the legitimate purpose of determining the Hastys' 2001 and 2002 federal income tax liabilities. The summoned information and documents are relevant to that legitimate purpose and will help determine whether the tax liabilities the Hastys reported on their 2001 and 2002 tax returns are correct.

8. Except for those documents produced by Travis Credit Union, which Misha Weitzner has not reviewed, the summoned information and documents are not already in the possession of the Internal Revenue Service.

/////

/////

/////

9. All administrative steps required by the Internal Revenue Code (26 U.S.C.) for issuance and service of the Summons have been followed.  A Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is not in effect with respect to the Hastys for the years under examination.

## CONCLUSIONS OF LAW

### A. The Hastys' Petition to Quash Should Be Denied Because the United States Has Established a *Prima Facie* Case Under *Powell*.

The United States has established a *prima facie* case for denial of the petition to quash under Powell.  United States v. Powell, 379 U.S. 48, 57-58 (1964); Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995).  The standard and burden of proof in a proceeding to quash are identical to those in a proceeding to enforce an IRS Summons.  Crystal v. United States, 172 F.3d 1141, 1143-44 (9th Cir. 1999); Muratore v. Department of Treasury, 315 F.Supp.2d 305, 307 (W.D.N.Y. 2004).  In either case, the United States must establish a *prima facie* case to enforce or resist a petition to quash that meets the Powell requirements.  Powell, 379 U.S. at 57-58; Fortney, 59 F.3d at 119.  Once the United States has established a *prima facie* case, the burden of proof shifts to the taxpayer who must then bear the "heavy burden" of showing an "abuse of process" or "the lack of institutional good faith."  Powell, 379 U.S. at 57-58.

Under Powell, to enforce a summons or to resist a petition to quash, the United States must establish a *prima facie* case that the summons: (1) was issued for a legitimate purpose, (2) seeks information relevant to that purpose, (3) seeks information that the IRS does not already possess, and (4) satisfies all administrative steps required by the United States Code.  Powell, 379 U.S. at 57-58; Fortney, 59 F.3d at 119.  The United States' burden under Powell is a "slight one" that is typically satisfied "by the introduction of the sworn declaration of the revenue

/////

/////

agent who issued the summons that the Powell requirements have been met." Fortney, 59 F.3d at 120. The sworn declaration of Revenue Agent Weitzner establishes that the Powell requirements have been satisfied in this case.

        1. <u>The IRS Issued the Summons for a Legitimate Purpose</u>.

Under Powell, the United States must first show that the Summons was issued for a legitimate purpose. Here, Revenue Agent Weitzner is conducting an examination for the purpose of determining whether the Hastys' reported federal income tax liabilities for 2001 and 2002 tax years are correct. Such an examination is authorized by 26 U.S.C. § 7602; therefore, the purpose of the Summons is legitimate. Moreover, this case has not been referred to the United States Department of Justice as a criminal proceeding as defined under Section 7602(d) so the Hastys cannot argue that the Summons was issued in bad faith. Kerr v. United States, 801 F.2d 1162, 1164 (9th Cir. 1986) (regardless of the possibility of future criminal prosecution, a summons is not issued in "bad faith" if no criminal referral to the Department of Justice has been made). Thus, the Summons was issued for a legitimate purpose and the first Powell requirement is satisfied.

        2. <u>The Information And Documents Sought In the Summons Are Relevant</u>.

Second, the United States must show that the documents and information sought by the Summons are relevant to the purpose of the examination. The documents and information sought are deemed relevant if it "might throw light upon the correctness of the taxpayer's return . . . [.]" David H. Tedder & Associates, Inc., v. United States, 77 F.3d 1166, 1168-69 (9th Cir. 1996) (citation omitted); <u>see</u> also United States v. Arthur Young & Co., 465 U.S. 805, 813-14 (1984). The IRS also must have a "realistic expectation rather than an idle hope that something might be discovered" from the summoned information. Tedder, 77 F.3d at 1169. In this case, the bank statements, transfer statements, and other financial documents requested by the Summons will help determine whether the federal income tax liabilities the Hastys reported on their 2001 and 2002 tax years are correct. The IRS has a realistic expectation that the documents

and information sought will be relevant to this examination.  Thus, the second <u>Powell</u> requirement is satisfied.

### 3. The Information And Documents Sought In The Summons Are Not Already In The IRS's Possession.

Third, the United States must show that the information and documents sought by the Summons are not already in the IRS's possession.  Travis Credit Union did disclose certain documents near the time the Hastys filed their petition, but these documents have been segregated and Revenue Agent Weitzner has not reviewed them, pending this court's resolution of this action.  Except for those documents disclosed by Travis Credit Union, the summoned information and documents are not already in the possession of the IRS.  Thus, the information and documents sought in the Summons, except for those disclosed by Travis Credit Union, which have been segregated and not reviewed, are not already in the IRS's possession.  Therefore, the third <u>Powell</u> requirement is satisfied.

### 4. The IRS Has Followed All The Required Administrative Steps Regarding The Issuance And Service Of The Summons.

Finally, the United States must show that all the required administrative steps regarding the issuance and service of the Summons have been followed.  Revenue Agent Weitzner declares that these steps have been followed, including sending notice to the Hastys as required under 26 U.S.C. § 7609(a).  Thus, the IRS has followed all required administrative steps regarding the issuance and service of the Summons and the final <u>Powell</u> requirement is also satisfied.

As set forth above, the United States has demonstrated that all four <u>Powell</u> requirements are satisfied, establishing a *prima facie* case for denying the Hastys' petition.

/////

/////

/////

**B. The Hastys Fail To Rebut The *Prima Facie* Case For Denying The Petition.**

Because the United States has established a *prima facie* case for denying the petition under Powell, the burden shifts to the Hastys, who bear the "heavy burden" of showing an "abuse of process" or a "lack of institutional good faith." Fortney, 59 F.3d at 120 (citation omitted). Moreover, the Hastys "must allege specific facts and evidence to support" their allegations. Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985).

The sole basis upon which the Hastys contest the Summons is their allegation that they are not liable for any federal tax and, consequently, that the Summons does not fall within the scope of 26 U.S.C. § 7602(a)(2). The Hastys make this conclusory assertion without alleging any specific facts or introducing any evidence in support. Therefore, the Hastys fail to meet their "heavy burden" of showing an "abuse of process" or a "lack of institutional good faith." Fortney, 59 F.3d at 120; Liberty Financial Services, 778 F.2d at 1392. Moreover, the IRS is not required to establish any likelihood that tax liabilities are, in fact, owed prior to issuance of a summons. United States v. Bisceglia, 420 U.S. 141, 146 (1975) (IRS's "[investigative] authority so provided is not limited to situations in which there is probable cause, in the traditional sense, to believe that a violation of the tax laws exists . . . [because] [t]he purpose of the statutes is not to accuse, but to inquire").

Accordingly, IT IS HEREBY RECOMMENDED that the petition to quash be denied and this action be dismissed.

DATED: October 18, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
hasty2.57